# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES SMITH, | : | |
|     Plaintiff | : | |
| | : | No. 1:18-cv-00543 |
| v. | : | |
| | : | (Judge Rambo) |
| TAMMY FURGONSIN et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Plaintiff, James Smith, an inmate currently confined at the State Correctional Institution at Benner Township, Bellefonte, Pennsylvania ("SCI-Benner"), filed this civil action pursuant to 42 U.S.C. § 1983 on December 22, 2017 in the United States District Court for the Western District of Pennsylvania. (Doc. No. 1, 6.) This case was transferred to this district on March 7, 2018. (Doc. No. 8.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform the following screening of the complaint prior to service of process.

**I.    BACKGROUND**

Plaintiff's complaint names two Defendants: (1) Lit Singer ("Singer") and (2) Tammy Ferguson ("Ferguson") (which Plaintiff misspells as "Tammy Furgonsin." (Doc. Nos. 1, 6.) Plaintiff alleges that while incarcerated at SCI-Benner, Singer has been engaging in mistreatment and harassment of Plaintiff, due to Plaintiff's alleged mental illness. (Doc. No. 6 at 2.) Plaintiff also claims that he

1

filed grievances and complained to Superintended Ferguson about Singer's harassment, but nothing has been done. (Id. at 3.)

The Chief Magistrate Judge for the Western District of Pennsylvania issued a Report and Recommendation on February 12, 2018, recommending that the case be transferred to this district. (Doc. No. 7.) On March 7, 2018, the District Court for the Western District of Pennsylvania issued an Order adopting the Magistrate Judge's Report and Recommendation, and transferred this suit to this district. (Doc. No. 8.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint

"not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the

4

plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

III. SECTION 1983 STANDARD

In order to state a viable § 1983 claim, the plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Further, § 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Moreover, in addressing whether a viable claim has been stated against a defendant, the court must assess whether the plaintiff has sufficiently alleged that the defendant was personally involved in the act which the plaintiff claims violated his rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Liability may not be imposed under § 1983 on the traditional standards of respondeat superior. Capone v. Marinelli, 868 F.2d 102, 106 (3d Cir. 1989) (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Instead, "supervisory personnel are only liable for the § 1983 violations of their

subordinates if they knew of, participated in or acquiesced in such conduct." Capone, 868 F.2d at 106 n.7.

There are only two avenues for supervisory liability: (1) if the supervisor "knew of, participated in or acquiesced in" the harmful conduct; and (2) if a supervisor established and maintained a policy, custom, or practice which directly caused the constitutional harm. Id.; Santiago, 629 F.3d at 129; A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Ctr., 372 F.3d 572, 586 (3d Cir. 2004). As it concerns the second avenue of liability, conclusory, vague, and speculative allegations of custom, policy, or practice are insufficient. Id.

## IV. DISCUSSION

### A. Defendant Singer

Plaintiff alleges that for the past five months, he has been the target of Singer's mistreatment and harassment because of Plaintiff's alleged mental illness. (Doc. No. 6 at 2.) Plaintiff's allegations fail to state a constitutional violation. The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5 (1992). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987).

It has been recognized that the use of words generally cannot constitute an assault actionable under § 1983. Johnson v. Glick, 481 F.2d 1028, 1033 n. 7 (2d Cir.); Maclean v. Secor, 876 F.Supp. 695, 698-99 (E.D.Pa.1995); Murray v. Woodburn, 809 F.Supp. 383, 384 (E.D.Pa.1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F.Supp. 185, 189 (D.N.J.1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983."); Jones v. Superintendent, 370 F.Supp. 488, 491 (W.D. Va. 1974).

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations. Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973); see also Balliet v. Whitmire, 626 F.Supp. 219, 228-29 (M.D. Pa. 1986) ("Verbal abuse is not a civil rights violation. . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986). A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, see Prisoners' Legal Ass'n, 822 F.Supp. at 189, or under the Fifth Amendment's substantive due process clause. See Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir.1991); Lindsey v. O'Connor, Civ. No. 08-1683, 2008 WL 4722617, at *4 (M.D. Pa. Oct. 23, 2008), aff'd, 327 F. App'x 319 (3d Cir. 2009).

However, verbal harassment or threats, with some reinforcing act accompanying them may state a constitutional claim, as, for example, a case where some action was taken by a defendant that escalated beyond mere words. See Northington v. Jackson, 973 F.2d 1518 (10th Cir.1992) (a correctional officer placed a revolver to an inmate's head a threatened to shoot); Douglas v. Marino, 684 F.Supp. 395 (D.N.J.1988) (involving prison employee who threatened an inmate with a knife).

There is no indication, let alone allegations, that any of the alleged verbal harassment was accompanied by a reinforcing act, for instance, a deadly weapon as contemplated under Northington or Douglas. Accordingly, Plaintiff's allegations of verbal harassment by Singer do not rise to the level of a viable civil rights claim.

To the extent that Plaintiff attempts to raise a claim under the equal protection clause, he must prove that he is a member in a protected class and that a state actor purposefully discriminated against him because of his class membership. See Herron v. Harrison, 203 F.3d 410, 417 (6th Cir. 2000). Plaintiff has failed to allege any facts to demonstrate that he is a member of a protected class. To the extent that he alleges that he is mentally ill, this condition does not place him in a suspect class for purposes of the equal protection clause. See City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 445-46 (1985) (holding that the mentally handicapped do not constitute a suspect class and stating

in dicta that the mentally ill are not a suspect class); Smith v. Fischer, Civ. No. 07-1264, 2009 WL 632890, at *10 n.29 (N.D.N.Y. Mar. 9, 2009) ("sex offenders, the mentally ill, the mentally handicapped, and the indigent do not comprise a suspect class for Equal Protection purposes.") (listing cases).

Accordingly, to the extent raised by Plaintiff, his equal protection claim fails to state a claim upon which relief may be granted. Consequently, Plaintiff's claims against Singer will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will not be granted leave to amend, as any amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (finding that the court may deny a motion to amend where the amendment would be futile).

### B. Defendant Ferguson

Plaintiff alleges that he complained to Superintendent Ferguson about Singer's harassment, but Ferguson did "nothing about it." (Doc. No. 6 at 3.) Plaintiff's claims against Ferguson fail to state a claim upon which relief may be granted. Local government units and supervisors typically are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. Dep't of Soc. Servs. Of City of N.Y., 436 U.S. 658, 690-91 (1978). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195,

9

1207-08 (3d Cir. 1988); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) (citing Rode.)

Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Rode, 845 F.2d at 1207. As set forth in Rode,

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or knowledge and acquiescence, however, must be made with appropriate particularity.

Id. at 1207.

Moreover, the filing of a grievance, participation in "after-the-fact" review of a grievance, or dissatisfaction with the response to an inmate's grievance, do not establish the involvement of officials and administrators in any underlying constitutional deprivation. See Pressley v. Beard, 266 F. App'x. 216, 218 (3d Cir. 2008) (not precedential) ("The District Court properly dismissed these defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them."); Brooks v. Beard, 167 F. App'x. 923, 925 (3d Cir. 2006) (not precedential) (holding that allegations that prison officials responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and

10

administrators in the underlying constitutional deprivation); Ramos v. Pa. Dep't of Corr., Civ. No. 06–1444, 2006 WL 2129148, at *3 (M.D. Pa. July 27, 2006) ("[C]ontentions that certain correctional officials violated an inmate's constitutional rights by failing to follow proper procedure or take corrective action following his submission of an institutional grievance are generally without merit."); Wilson v. Horn, 971 F. Supp. 943, 947 (E.D. Pa. 1997) (noting that prison officials' failure to respond to inmate's grievance does not state a constitutional claim), aff'd, 142 F.3d 430 (3d Cir. 1998) (table).

As the Court stated in Ayers v. Coughlin, a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of a civil rights action. Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam). Permitting supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement. Rode, 845 F.2d at 1207; see also Greenwaldt v. Coughlin, 93 Civ. 6551, 1995 WL 232736, at *4 (S.D.N.Y. Apr. 19, 1995) ("[I]t is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations."); Rivera v. Goord, 119 F. Supp. 2d 327, 344 (S.D.N.Y. 2000) (allegations that inmate wrote to prison

11

officials and was ignored insufficient to hold those officials liable under section 1983).

Plaintiff's allegation against Ferguson consists of little more than assertions of respondeat superior liability. (Doc. No. 6 at 2, 3.) As a matter of law, these assertions do not suffice to state a constitutional claim. Accordingly, Plaintiff's claims against Ferguson will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will not be granted leave to amend, as any amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (finding that the court may deny a motion to amend where the amendment would be futile).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's complaint (Doc. No. 6), will be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.

    s/Sylvia H. Rambo
    SYLVIA H. RAMBO
    United States District Judge

Dated: April 4, 2018